**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

STEVEN RATTAY and SHARON
RATTAY, his wife,

        Plaintiffs,

*vs*.

                            Civil Action No.  5:05CV177
                            (The Honorable Irene M.  Keeley)

MEDTRONIC, INC., ET AL.,

              Defendants.

## <u>ORDER/OPINION MEMORIALIZING ORAL ORDER</u>

On the 4th day of April, 2007, Plaintiffs filed their Amended Motion to Compel Discovery, as had been directed by the Court [Docket Entry 52].  On the 24th day of April, 2007, Defendants filed their Response in Opposition to Plaintiffs' Amended Motion to Compel Discovery [Docket Entry 54].  No Reply was permitted by the Court, and none was filed.

On May 7, 2007, the Court held a telephonic hearing on Plaintiffs' Amended Motion. Attorney Craig L. Fishman appeared for Plaintiffs.  Attorney Thomas M. Parker appeared for Defendants with David D. Johnson III appearing as local counsel.

At the outset of the hearing the Court suggested there were eight remaining issues in dispute regarding discovery at this time, and counsel for both parties agreed.  The Court then proceeded to hear the arguments of counsel regarding each of the remaining issues.

1.      Plaintiffs first objected to Defendants' inclusion of general objections, moving they be stricken.  For reasons apparent to the Court and as expressed on the record of the proceedings, Plaintiff's  motion in this regard is GRANTED and Defendants' generalized objections are overruled.

2.      Interrogatory No. 4 requested that Defendants: Identify any changes made in the process of manufacturing catheters for the subject product implemented after the date that the subject product

was manufactured. Defendants argue that changes in the manufacturing process made after the subject pump and catheter were manufactured were irrelevant to any claim remaining in the case.

Defendants had, in their original Response to Plaintiffs' Interrogatory, offered to make available for inspection at their offices in Minneapolis, or to have copied at Plaintiffs' expense, their FDA files on the subject devices, which files they aver would contain all premarket approval applications and supplementations. Plaintiffs objected to either procedure as overly burdensome and requested the Court compel Defendants to summarize changes to the catheter manufacturing process, implemented after the catheter was implanted in Plaintiff, in an interrogatory answer. The Court agrees with Defendants that they are not required, under the rules, to create a summary, and are permitted to refer Plaintiff to business records as kept in the usual course of business in response to the Interrogatory. FRCivP 34(b)(i).

For these and other reasons stated on the record, Plaintiffs' Amended Motion to Compel as to Interrogatory 4 is DENIED as mooted by Defendants' Response. Plaintiffs may, at their option, travel to Minneapolis to review the documents, or may have them copied at their expense.

Plaintiffs then requested that Defendants first provide them with "Tables of Contents" from the referred-to documents in order that Plaintiffs might be able to narrow down the number of documents copied. The Court granted this request and directed Defendants to provide copies of the "Tables of Contents" within thirty (30) days of entry of this Order.

3.     Interrogatory 10 requested that if Defendants, or any person acting on Defendants' behalf, conducted any examination or analysis of the subject product, that they set forth the date, results and report of any such examination. Defendants respond that the Product Comment Report and related documents for the devices in their possession were produced; that these were the actual test results for the testing of the device and indicated the dates, results, and reports; that they have

produced all documents that would be responsive to the Interrogatory; and that "said documents reflect the full scope of information generated by such testing."

Based on Defendant's in Court averments, the Court DENIES Plaintiffs' Amended Motion to Compel as regards Interrogatory No. 10 as mooted by Defendants' response.

4. Interrogatory No. 12 requested Defendants: List the names and present addresses of all investigators, representatives or other individuals who investigated Plaintiffs' claims and related subsequent events, including but not limited to surveillance, and state the contents of any reports.

Defendants responded by stating that they have responded in full to the Interrogatory and have no other information responsive to Interrogatory No. 12." Based on Defendant's in Court averments, the Court DENIES Plaintiffs' Amended Motion to Compel as regards Interrogatory No. 12 as mooted by Defendants' response.

5. Request for Production of Documents No. 4: Plaintiffs request Defendants produce all documents that reveal any testing and the results thereof of the subject product. Defendants respond that they have "produced all documents in its possession responsive to Request No. 4."

Based on Defendant's in Court averments, the Court DENIES Plaintiff's Amended Motion to Compel as regards Request No. 4 as mooted by Defendants' response.

6. Request for Production of Documents No. 7: Plaintiffs request Defendants produce copies of all demonstrations regarding the subject product, including but not limited to web site presentations, videos, Power Point presentations, and slide shows. Defendants respond that they have "produced all documents in its possession responsive to the Request."

Based on Defendant's in Court averments, the Court DENIES Plaintiff's Amended Motion to Compel as regards Request No. 4 as mooted by Defendants' Response.

7. Plaintiffs argue that Defendants did not produce a privilege log. Defendants respond

that they have not withheld any documents on privilege grounds. Based on Defendant's in Court averments, the Court DENIES Plaintiff's Amended Motion to Compel regarding a privilege log as mooted by Defendants' response.

8. Plaintiffs request that Defendants "provide the pump and catheter referenced in the Complaint for non-destructive testing and analysis." Defendants agreed to produce the devices on three conditions:

    1.Plaintiff identifies the party performing the testing;

    2.Plaintiff provides a written testing protocol; and

    3.Defendants be permitted to attend any device testing.

Plaintiffs do not object to providing the name(s) and address(es) of the examiner(s). They do, however, object to providing an advance protocol and allowing Defendants to observe testing because:

    1. Plaintiff's experts did not have the opportunity to observe Defendants' testing of the devices at issue;

    2. Defendants did not provide a testing protocol to Plaintiffs; and

    3. Each of these two conditions would each give Defendants an advantage over Plaintiffs in cross-examination and Daubert hearings because Plaintiffs were unable to observe Defendants' testing or review an advance protocol regarding Defendants' testing.

The Court finds that Plaintiffs' request for testing is proper. The Court also finds that Defendants' request to observe the testing is proper under the circumstances of this case. The devices to be tested are the actual devices that had been implanted in and later removed from Mr. Rattay. The Court finds this circumstance necessitates additional care and safeguards. The Court, however, does not find that an advance protocol is required, especially since the Court has already

permitted Defendants to have an observer present during testing. Plaintiffs' Amended Motion to Compel as regards testing is therefore GRANTED IN PART. Defendants shall designate one individual who will deliver the devices at issue to the site where they are to be tested. That individual shall observe only, and shall not in inject him or herself into the testing process. When testing is complete, Plaintiffs' examiner shall redeliver the devices to the designated observer, who shall deliver it back to Defendants. At the time the devices are returned to Defendants' observer, Defendants shall thereafter be responsible for maintaining the devices in the condition in which they were delivered by Plaintiffs, and shall conduct no further testing on the devices.

For docketing purposes, Plaintiffs' Amended Motion to Compel [Docket Entry 52] is GRANTED IN PART AND DENIED IN PART. For reasons apparent to the Court and as stated on the record of the hearing, no motions for attorneys' fees and/or costs shall be considered and none shall be awarded based upon this motion.

**IT IS SO ORDERED**.

The United States District Clerk for the Northern District of West Virginia is directed to provide copies of this order to counsel of record.

DATED: May 10, 2007

/s *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE